IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHELLE SANTOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:16-CV-440-RP |
| | § | |
| WINCOR NIXDORF, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff Michelle Santos's ("Santos") Motion for Reconsideration and Motion for New Trial, (Dkt. 71), Defendant Wincor Nixdorf's ("Wincor") response to the motion, (Dkt. 74), and Santos's reply, (Dkt. 75). Santos requests that the Court set aside its order granting summary judgment to Wincor, (Summ. J. Order, Dkt. 69), and grant a new trial, (Mot., Dkt. 71, at 11). Having considered the parties' briefs, relevant law, and the record in this case, the Court will deny Santos's motion.

**I. BACKGROUND**

This action arises out of Wincor's termination of Santos's employment. In October 2014, Santos was placed by Staffmark—a staffing agency—as an hourly, non-exempt employee in the financial department of Wincor's Logistics Facility. (Santos Decl., Dkt. 45-1, at 1; Mot. Summ. J., Dkt. 43, at 3). About a month into her job, in November 2014, Santos notified her supervisor at Wincor, Danielle Mathews ("Mathews"), that she was pregnant. (Santos Decl., Dkt. 45-1, at 2). Santos subsequently worked from home until March 10, 2015, when Wincor directed Staffmark to terminate Santos's employment "due to performance." (Lyon Dep., Dkt. 43-14, at 35–36).

Santos filed this action in this Court on April 6, 2016, (Compl., Dkt. 1), and amended her complaint on December 21, 2017, to assert claims against Wincor for retaliation under the Fair

Labor Standards Act ("FLSA") and for pregnancy discrimination under Title VII of the Civil Rights Act of 1964. (Am. Compl., Dkt. 41). Wincor moved for summary judgment on January 19, 2018. (Mot. Summ. J., Dkt. 43). The Court granted summary judgment to Wincor on March 23, 2018. (Summ. J. Order, Dkt. 69). Santos filed the instant motion for reconsideration and for a new trial on April 2, 2018, challenging only the Court's ruling on her pregnancy discrimination claims. (Mot., Dkt. 71).

## II. DISCUSSION

Although Santos has styled her motion as a "Motion for Reconsideration and Motion for New Trial," there was never a trial in this action. Federal Rule of Civil Procedure 59(a) permits a court to grant a new trial "after a jury trial" or "after a nonjury trial." Fed. R. Civ. P. 59(a)(1)(A) and (B). Consequently, a motion for a new trial is not available to a party challenging an order granting summary judgment; such a challenge is properly decided under Rule 59(e)—a motion to alter or amend a judgment. *Patin v. Allied Signal*, 77 F.3d 782, 785 n.1 (5th Cir. 1996).[1]

The Fifth Circuit recognizes limited grounds on which a Rule 59(e) motion may be granted: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Santos does not argue in her motion or her reply brief that there has been an intervening change in controlling law. (*See* Mot., Dkt. 71; Reply, Dkt. 75). Likewise, she does not argue that new evidence is available. (*See id.*). Moreover, Santos does not claim that the Court's prior summary judgment order works a manifest injustice. (*See id.*). Accordingly, the Court reviews Santos's motion under the clear error standard.

---

[1] If a motion to reconsider is filed within 28 days of the entry of a judgment, as it was here, it falls under Rule 59(e). *Tex. A&M Research Found. V. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (construing a post-judgment motion filed within the then-applicable 10-day filing window for filing a Rule 59(e) motion as a Rule 59(e) motion).

Although "clear error" in the context of a Rule 59(e) motion "has not been explicitly defined," it "should conform to a 'very exacting standard.'" *Esparza v. Telerx Mktg.*, 2005 U.S. Dist. LEXIS 12328, at *3 (W.D. Tex. June 21, 2005) (quoting *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005)). "A motion under Rule 59 cannot be used to raise arguments 'that could, and should, have been made before the judgment issued.'" *Demahy v. Schwartz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Santos argues that in its order granting summary judgment to Wincor, the Court made "three fundamental errors" in determining that Santos had failed to establish a prima facie case of pregnancy discrimination. (Mot., Dkt. 71, at 2). The Court addresses each argument in turn.

**A. The Proper "Comparator"**

First, Santos argues that the Court did not consider the proper "comparator" in determining that she had failed to establish a prima facie case of pregnancy discrimination. (Mot., Dkt. 71, at 2). As explained in the Court's order granting summary judgment to Wincor, a plaintiff may establish a prima facie case of pregnancy discrimination either "(1) [through] direct evidence that a workplace policy, practice, or decision relies expressly on a protected characteristic, of (2) by using the burden-shifting framework set forth in *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792 (1973)]." (Summ. J. Order, Dkt. 69, at 11) (quoting *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1345 (2015)). The Court found that Santos had "failed to present direct evidence of pregnancy discrimination," and so it applied the test set forth in *McDonnell Douglas*. (*Id.* at 13). Under that test, the Court explained that "Santos may establish a prima facie case of discrimination by showing that other employees outside of her protected class 'who engaged in similar acts,' known as similarly situated comparators, were treated more favorably." (*Id.* at 14) (quoting *Mayberry v. Vaught Aircraft Co.*, 55 F.3d 1086, 1090 (5th

3

Cir. 1995)). The Court found that Santos had "present[ed] no evidence about her comparators," and accordingly, that she had "failed to establish a prima facie case of pregnancy discrimination." (*Id.* at 15–16).

Santos now argues that she *did* present evidence of a comparator in her response to Wincor's motion for summary judgment. (Mot., Dkt, 71, at 2). Specifically, Santos argues that in paragraph 26 of her response, she describes "a woman whose more lenient treatment by Mathews for far more serious job misconduct makes her a proper comparator to Santos." (*Id.*). Although it is true that Santos describes this woman in her response, it is *not* true that Santos offered the example of this unnamed woman as a comparator. Santos described this woman in the context of arguing that Wincor's reason for terminating Santos was pretextual; she does not offer her as an example of a comparator. (*See* Resp. Mot. Summ. J., Dkt. 45, at 11) ("Wincor has attempted to cherry-pick 2 or 3 isolated instances among hundreds of work events to generate an allegedly legitimate reason to terminate Santos."). Indeed, Santos expressly argued that she is *not* comparable to this unnamed woman. (*See id.* at 12) (asserting that Wincor's claim that Santos was "in the same league" as the unnamed woman is "not credible"). Santos cannot now credibly assert that the reason she originally discussed this unnamed woman was to provide an example of a comparator for purposes of establishing a prima facie case of pregnancy discrimination. This revisionist history is an attempt to "rehash[ ] evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" and is not permissible under Rule 59(e). *Temple*, 367 F.3d at 478. Accordingly, this argument is unavailing.

### B. The "Work-Rule Violation" Cases

Next, Santos argues that "[t]he Court improperly put an even greater prima facie burden on Santos than appropriate by relying heavily on the *Mayberry* and *Lee* ["work-rule violation"] cases to articulate a prima facie comparator standard." (Mot., Dkt, 71, at 5). Santos characterizes the

4

comparator standard in those cases as a "strict[ ] . . . apples-to-apples standard" that the Court should not have applied, or should have relaxed, due to "(1) [Santos's] complete lack of any disciplinary history, (2) the statements and conduct (or omissions) of Santos's supervisor, as well as (3) the timing of both the decision to terminate . . . and the actual termination." (*Id.* at 8). She cites no authority for this argument. In any event, the Court's summary judgment order did not turn on whether Santos's comparator was *comparable enough* to Santos under an "apples-to-apples" standard, but rather on the fact that Santos failed to identify a comparator *at all*. (Summ. J. Order, Dkt. 69, at 15). Santos's argument that the "comparator standard" as applied in the *Mayberry* and *Lee* cases is overly strict is therefore inapposite to the Court's determination that Santos had failed to establish a prima facie case of pregnancy discrimination. This argument is therefore also unavailing.

### C. Application of the "Comparator" Standard

Finally, Santos argues that "[t]he Court need not to have applied such a strict comparator standard, in light of the substantial circumstantial evidence" Santos offered. (Mot., Dkt. 71, at 11). Santos relies on *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003), and *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993), for the proposition that a plaintiff need not identify a comparator to establish a prima facie case under *McDonnell Douglas*. (*Id.* at 11–12). Wincor responds that these cases are inapposite because they are ADEA cases. (Resp., Dkt. 74, at 7). Santos replies that "the 5th Circuit has removed the 'similarly situated' requirement for cases under Title VII as well," and cites a sex discrimination case and a race discrimination case in support of that assertion. (Reply, Dkt. 75, at 1–2) (citing *Rutherford v. Harris Cty., Tex.*, 197 F.3d 173, 179 (5th Cir. 1999) (sex discrimination) (the plaintiff's prima facie case "required that she demonstrate that . . . either the position she sought was filled by someone outside the protected class or she was otherwise not promoted because of her sex"); *Noble v. Lear Siegler Servs., Inc.*, 554 F. App'x 275, 276 (5th Cir. 2014) (race discrimination) (same)). Under these two cases, Santos argues that the "email by

5

Mathews . . . cited by Santos as 'direct evidence,' [but which] was ruled by the Court not to constitute 'direct evidence,'" nevertheless "comes very close"—enough that the Court "cannot grant summary judgment here." (*Id.* at 2 n.1).

Santos is incorrect on the law. Just three months ago, the Fifth Circuit reiterated the proper test for determining whether a plaintiff has established a prima facie case of discrimination under *McDonnell Douglas*:

> A Title VII employment discrimination case based on circumstantial evidence is evaluated under the *McDonnell Douglas* burden-shifting framework. First, the plaintiff must present a prima facie case of discrimination by showing that she: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group.

*Roberson-King v. La. Workforce Comm'n*, 904 F.3d 377, 380–81 (5th Cir. 2018) (internal quotation marks and citations omitted). Thus, under the *McDonnell Douglas* framework, Santos needed to show either that she was replaced by someone outside her protected group, or that she was treated less favorably than similarly situated employees outside her protected group. She did neither.

Accordingly, Santos has failed to demonstrate that the Court clearly erred by requiring her to identify a "similarly situated" comparator in order to establish a prima facie case of pregnancy discrimination.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Santos has not met the "very exacting standard" of demonstrating that the Court clearly erred in determining at the summary judgment stage that Santos failed to establish a prima facie case of pregnancy discrimination. Santos's Motion for Reconsideration and Motion for New Trial, (Dkt. 71), is therefore **DENIED**.

**SIGNED** on December 21, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE