# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHELLE SANTOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 1:16-CV-00440-RP |
| | § | |
| WINCOR NIXDORF, INC., | § | |
| | § | |
| Defendant. | § | |

## AFFIDAVIT OF MARIO A. BARRERA

| | |
|---|---|
| COUNTY OF BEXAR | § |
| | § |
| STATE OF TEXAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Mario A. Barrera, who, being by me duly sworn, deposed as follows:

"My name is Mario A. Barrera. I am over the age of twenty-one (21) years. I have never been convicted of a felony, and I am fully authorized and competent to make this affidavit. I have personal knowledge of the facts contained herein, and they are all true and correct.

I am a partner at Norton Rose Fulbright US LLP, have been licensed to practice law in the State of Texas since 1984, and my practice is primarily employment litigation matters. I am also certified by the Texas Board of Legal Specialization in the field of labor and employment law and have been certified since 1989. I currently represent Wincor Nixdorf, Inc. ("Defendant") in the above-captioned lawsuit and have done so since the inception of the case.

In representing the Defendant in this case, Norton Rose Fulbright US LLP has been required to perform a number of legal services in its representation of Defendant against Plaintiff's claims.

I have handled other matters similar in complexity to this lawsuit throughout Texas

including Travis County, and am therefore familiar with the usual and customary charges and legal fees for matters such as those charged in this lawsuit. It is my opinion that the services performed by Norton Rose Fulbright US LLP for the Defendant in this matter were reasonable and necessary.

Our firm charged Defendant $450.00 per hour for my time, $450 per hour for Gary McDaniel's (Partner) time, $350.00 per hour for James Hughes's (Senior Associate) time,[1] $350.00 per hour for Joseph A. Bourbois's (Counsel) time, $350.00 per hour for Stephen J. Romero's (Counsel) time, $250.00 per hour for Kelly Klingseisen's (Associate) time, $165.00 per hour for Ashley Duncum's (Paralegal) time, $165 per hour for Darice Angel's (Paralegal) time, $165 per hour for Paulette Gerhart's (Paralegal) time, $165.00 per hour for Rebecca Marr's (Paralegal) time, and $135.00 per hour for April Jones's (Paralegal) time.

The reason for the number of timekeepers is that the case was initially handled out of the firm's San Antonio office and eventually transferred to the Austin office (although San Antonio provided support as the case neared the April 2, 2018 trial setting). In addition, two of these timekeepers (Joseph Bourbois, counsel, and April Jones, paralegal) left the firm early in the case and three other timekeepers (Gary McDaniel, partner, Darice Angel, paralegal, and Paulette Gerhart, paralegal) were only used with respect to responding to audit letters requests from Defendant's accounting firm(s).

The rates listed herein are normal and customary in this market for legal professionals with the same level of experience and expertise at comparable legal firms in Texas. Accordingly, the rates charged by Norton Rose Fulbright US LLP in this matter are within the norm for firms of their type in Texas.

The hourly rates charged are reasonable rates for this case, given: (1) the time and labor

---

[1] Mr. Hughes's rate was $250 per hour before he was promoted to Senior Associate in 2018. *See* Attachments 21–25, 32.

involved, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the respective professionals; (3) the fee customarily charged in the locality for similar services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; and (7) the experience, reputation, and ability of the professionals performing the services.

As of the date of this affidavit, Defendant has incurred legal fees of $205,005.50 in connection with this lawsuit. It is my opinion that these charges are consistent with the legal fees customarily charged for matters of this type in a suit of this nature in this geographic area and were both reasonable and necessary. These amounts were calculated by taking the time billed for each task performed in connection with this case multiplied by the discounted hourly rate for the attorney who performed the task. Based on my experience and knowledge of this matter, these fees were reasonable and necessary.

Attached hereto as Attachments 1–34 are true and correct copies of the invoices reflecting the legal fees incurred by Norton Rose Fulbright US LLP in connection with this lawsuit.[2] Specifically:

1.  Attachment 1 hereto is a true and correct copy of Invoice No. 11569984, dated November 10, 2015, for the amount of $1,686.35. Of this amount, $1,505.00 was for legal fees. The invoice reflects attorney time spent on the Pre-Pleading phase of the case.

---

[2] Attachments 1–34 have been redacted for privilege.

2.  Attachment 2 hereto is a true and correct copy of Invoice No. 11579458, dated December 21, 2015, for the amount of $225.00. Of this amount, $225.00 was for legal fees. The invoice reflects attorney time spent on the Pre-Pleading phase of the case.

3.  Attachment 3 hereto is a true and correct copy of Invoice No. 11589393, dated February 16, 2016, for the amount of $2,085.00. Of this amount, $2,085.00 was for legal fees. The invoice reflects attorney time spent on the Pre-Pleading phase of the case.

4.  Attachment 4 hereto is a true and correct copy of Invoice No. 11595064, dated March 15, 2016, for the amount of $980.00. Of this amount, $980.00 was for legal fees. The invoice reflects attorney time spent Pre-Pleading phase of the case.

5.  Attachment 5 hereto is a true and correct copy of Invoice No. 11602169, dated April 20, 2016, for the amount of $1,170.00. Of this amount, $1,170.00 was for legal fees. The invoice reflects attorney time spent on the Pre-Pleading phase of the case.

6.  Attachment 6 hereto is a true and correct copy of Invoice No. 11608445, dated May 19, 2016, for the amount of $6,125.00. Of this amount, $6,125.00 was for legal fees. The invoice reflects attorney time spent on the Pleadings phase of the case.

7.  Attachment 7 hereto is a true and correct copy of Invoice No. 11614502, dated June 16, 2016, for the amount of $5,330.00. Of this amount, $5,330.00 was for legal fees. The invoice reflects attorney time spent on the Pleadings phase of the case.

8.  Attachment 8 hereto is a true and correct copy of Invoice No. 11620597, dated July 17, 2016, for the amount of $2,525.00. Of this amount, $2,525.00 was for legal fees. The invoice reflects attorney time spent on the Pleadings phase of the case.

9. Attachment 9 hereto is a true and correct copy of Invoice No. 11627878, dated August 18, 2016, for the amount of $4,675.00. Of this amount, $4,675.00 was for legal fees. The invoice reflects attorney time spent on the Pleadings phase of the case.

10. Attachment 10 hereto is a true and correct copy of Invoice No. 11632970, dated September 15, 2016, for the amount of $5,460.42. Of this amount, $5,337.50 was for legal fees. The invoice reflects attorney time spent on the Pleadings phase of the case.

11. Attachment 11 hereto is a true and correct copy of Invoice No. 11639473, dated October 17, 2016, for the amount of $2,336.70. Of this amount, $2,316.50 was for legal fees. The invoice reflects attorney time spent on the Pleadings phase of the case.

12. Attachment 12 hereto is a true and correct copy of Invoice No. 11643226, dated November 7, 2016, for the amount of $1,847.50. Of this amount, $1,847.50 was for legal fees. The invoice reflects attorney time spent on the Pleadings phase of the case.

13. Attachment 13 hereto is a true and correct copy of Invoice No. 11650927, dated December 9, 2016, for the amount of $6,340.00. Of this amount, $6,340.00 was for legal fees. The invoice reflects attorney time spent on the Pleadings phase of the case.

14. Attachment 14 hereto is a true and correct copy of Invoice No. 11658717, dated January 17, 2017, for the amount of $6,190.00. Of this amount, $6,190.00 was for legal fees. The invoice reflects attorney time spent on the Pleadings phase of the case.

15. Attachment 15 hereto is a true and correct copy of Invoice No. 11664016, dated February 14, 2017, for the amount of $2,562.26. Of this amount, $2,560.50 was for legal fees. The invoice reflects attorney time spent on the Discovery phase of the case.

16. Attachment 16 hereto is a true and correct copy of Invoice No. 11671984, dated March 15, 2017, for the amount of $699.00. Of this amount, $669.00 was for legal fees. The invoice reflects attorney time spent on the Discovery phase of the case.

17. Attachment 17 hereto is a true and correct copy of Invoice No. 11677554, dated April 13, 2017, for the amount of $6,062.81. Of this amount, $5,274.00 was for legal fees. The invoice reflects attorney time spent on Mediation phase of the case.

18. Attachment 18 hereto is a true and correct copy of Invoice No. 11685382, dated May 17, 2017, for the amount of $1,198.50. Of this amount, $1,198.50 was for legal fees. The invoice reflects attorney time spent on Discovery phase of the case.

19. Attachment 19 hereto is a true and correct copy of Invoice No. 11691304, dated June 14, 2017, for the amount of $835.00. Of this amount, $835.00 was for legal fees. The invoice reflects attorney time spent on Discovery phase of the case.

20. Attachment 20 hereto is a true and correct copy of Invoice No. 11697642, dated July 15, 2017, for the amount of $365.00. Of this amount, $365.00 was for legal fees. The invoice reflects attorney time spent on the Discovery phase of the case.

21. Attachment 21 hereto is a true and correct copy of Invoice No. 11706776, dated August 15, 2017, for the amount of $4,375.00. Of this amount, $4,375.00 was for legal fees. The invoice reflects attorney time spent on the Discovery phase of the case.

22. Attachment 22 hereto is a true and correct copy of Invoice No. 9495002807, dated November 2, 2017, for the amount of $2,145.00. Of this amount, $2,145.00 was for legal fees. The invoice reflects attorney time spent on the Pleadings phase of the case.

23. Attachment 23 hereto is a true and correct copy of Invoice No. 9495006509, dated November 20, 2017, for the amount of $5,356.50. Of this amount, $5,356.50 was for legal fees. The invoice reflects attorney time spent on the Discovery phase of the case.

24. Attachment 24 hereto is a true and correct copy of Invoice No. 9495013889, dated December 27, 2017, for the amount of $8,520.50. Of this amount, $8,520.50 was for legal fees. The invoice reflects attorney time spent on the Discovery phase of the case.

25. Attachment 25 hereto is a true and correct copy of Invoice No. 9495020167, dated January 31, 2018, for the amount of $12,020.30. Of this amount, $12,009.50 was for legal fees. The invoice reflects attorney time spent on the Discovery phase of the case.

26. Attachment 26 hereto is a true and correct copy of Invoice No. 9495026439, dated February 28, 2018, for the amount of $15,891.16. Of this amount, $14,472.50 was for legal fees. The invoice reflects attorney time spent on the Discovery and Dispositive Motion phases of the case.

27. Attachment 27 hereto is a true and correct copy of Invoice No. 9495033667, dated April 3, 2018, for the amount of $29,947.40. Of this amount, $28,298.00 was for legal fees. The invoice reflects attorney time spent on the Dispositive Motion phase of the case.

28. Attachment 28 hereto is a true and correct copy of Invoice No. 9495039816, dated April 30, 2018, for the amount of $47,555.25. Of this amount, $47,508.00 was for legal fees. The invoice reflects attorney time spent on the Pre-Trial phase of the case.

29. Attachment 29 hereto is a true and correct copy of Invoice No. 9495045987, dated May 29, 2018, for the amount of $8,207.21. Of this amount, $8,190.50 was for legal fees. The invoice reflects attorney time spent on the Motion to Reconsider.

30. Attachment 30 hereto is a true and correct copy of Invoice No. 9495052997, dated June 28, 2018, for the amount of $1,130.00. Of this amount, $1,130.00 was for legal fees. The invoice reflects attorney time spent on Post-Judgment Phase of the case.

31. Attachment 31 hereto is a true and correct copy of Invoice No. 9495056630, dated July 18, 2018, for the amount of $14,492.14. Of this amount, $11,485.00 was for legal fees. The invoice reflects attorney time spent on Discovery Phase of the case.

32. Attachment 32 hereto is a true and correct copy of Invoice No. 9495056626, dated July 18, 2018, for the amount of $3,521.50. Of this amount, $3,521.50 was for legal fees. The invoice reflects attorney time spent on the Discovery Phase of the case.

33. Attachment 33 hereto is a true and correct copy of Invoice No. 9495059439, dated July 30, 2018, for the amount of $350.00. Of this amount, $350.00 was for legal fees. The invoice reflects attorney time spent on the Post-Trial Phase of the case.

34. Attachment 34 hereto is a true and correct copy of Invoice No. 9495082283, dated November 9, 2018, for the amount of $90.00. Of this amount, $90.00 was for legal fees. The invoice reflects attorney time spent the Post-Trial Phase of the case."

Further affiant sayeth not.

_____
Mario A. Barrera

SUBSCRIBED and SWORN to before me, the undersigned authority, on this 15th day of February, 2019, to witness my hand and seal of office.

_____
NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

SONIA SAMORA
Notary Public, State of Texas
My Comm. Exp. 05-22-2022
ID No. 00234263-7

SONIA SAMORA
Notary Public, State of Texas
My Comm. Exp. 05-22-2022
ID No. 02234263-7