IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHELLE SANTOS, | § | |
| Plaintiff, | § | |
| v. | § | 1:16-CV-440-RP |
| WINCOR NIXDORF, INC., | § | |
| Defendant. | § | |

## **ORDER**

The Court entered Final Judgment in this case in favor of Defendant Wincor Nixdorf, Inc. ("Wincor") on January 2, 2019. (Dkt. 78). Now before the Court is Wincor's Motion for Attorney's Fees, Expenses, and Costs, (Dkt. 82), Plaintiff Michelle Santos's ("Santos") Response, (Dkt. 84), and Wincor's Reply, (Dkt. 87). Having reviewed the parties' submissions, the declaration in support, the record, and the applicable law, the Court issues the following order.

### **I. Attorney's Fees**

Wincor requests attorney's fees of $210,147.54, discounted to $105,073.77, under Section 706(k) of Title VII of the Civil Rights Act of 1964.[1] As a general rule, litigants must pay their own attorney's fees. *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 997 (5th Cir. 2008) (citing *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). In a Title VII case, a district court "may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978)). Having won summary judgment, Wincor is the prevailing party.

---

[1] Wincor is not seeking fees related to Santos's FLSA claim. (Mot., Dkt. 82, at 1 n.1).

The Court thus considers whether the Santos's Title VII action was frivolous, unreasonable, or without foundation. A court should "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* (citing *Christiansburg*, 434 U.S. at 421–22). An action is not frivolous if, for example, "there was sufficient evidence in the record to survive summary judgment on the race and gender discrimination claims under Title VII." *Id.* at 998. However, the Fifth Circuit has affirmed an award of fees to a prevailing defendant-employer where "there was no direct evidence of any intentional racial discrimination against [the plaintiff] and no statistical showing of disparate treatment or effect," and "[a]ll of the other evidence . . . was to the contrary." *Jackson v. Color Tile, Inc.*, 803 F.2d 201 (5th Cir. 1986) (citing *Christiansburg*, 434 U.S. at 420).

In this case, Santos's claims did not survive summary judgment. (Summ. J., Dkt. 69). Regarding her Title VII pregnancy discrimination claim, the Court found that Santos had proffered no direct evidence of pregnancy discrimination that would enable a juror to find discrimination without inference or presumption, (*id.* at 12–13), and no evidence of a comparator to consider under the *McDonnell-Douglas* framework, (*id.* at 15). The Court concluded that Santos had failed to establish a prima facie case of pregnancy discrimination. (*Id.* at 16). Accordingly, the Court granted summary judgment in favor of Wincor.

Wincor argues that Santos's claims were "entirely lacking in evidentiary support," and "premised on a fatally flawed understanding of the governing law." (Mot., Dkt. 78, at 3, 5 (citing *Jackson*, 803 F.2d at 202)). Wincor also notes that Santos made an incorrect statement of law in her motion for reconsideration. (*Id.* at 4). Specifically, Santos argued that the Fifth Circuit had "removed the 'similarly situated' requirement for cases under Title VII,'" (Santos Reply, Dkt. 75, at 1–2), when in fact the Fifth Circuit had reaffirmed the requirements for a prima facie claim in a published decision just three months earlier, (*see* Order Denying Mot. Reconsid., Dkt. 77, at 6 (citing *Roberson-*

2

*King v. La. Workforce Comm'n*, 904 F.3d 377, 380–81 (5th Cir. 2018)). Wincor submits no evidence that Santos brought her claims in subjective bad faith.

Santos responds that she had a reasonable belief that her termination constituted pregnancy discrimination under Title VII. (*See* Resp., Dkt. 84). For example, Wincor dismissed Santos three days before she was scheduled to give birth. (*See* Summ. J., Dkt. 69, at 6). Santos also contends that she did present non-frivolous evidence of an appropriate comparator, even if the Court ultimately did not agree with her reasoning. (Resp., Dkt. 84, at 5–6).

The Court agrees with Santos that this case is different from *Jackson v. Color Tile, Inc.*, 803 F.2d 201 (5th Cir. 1986), *supra*, which Wincor contends is analogous. (Mot., Dkt. 78, at 3; Resp., Dkt. 84, at 8). In *Jackson*, the Fifth Circuit affirmed an award of defendants fees in a Title VII case where "Ms. Jackson produced little, if anything, in support of her claim of a racially-motivated discharge except her own assertions." 803 F.2d at 202. Here, although the Court found that Santos did not provide direct evidence that would enable a juror to find discrimination without inference or presumption, she did proffer evidence from which a juror might have drawn an inference of discrimination. (Summ. J., Dkt. 69, at 12). Santos is also correct that she did offer a theory of an appropriate comparator, although she did not submit any evidence in support. (*Id.* at 15). Santos did not prevail, but Santos offered more than "her own assertions" in support of her claim. *See Jackson*, 803 F.2d at 202.

The "stringent standard" for Title VII defendants seeking attorney fees "is intended to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." *Anderson v. Harrison Cty., Miss.*, 639 F. App'x 1010, 1017 (5th Cir. 2016) (citing *Myers v. City of West Monroe*, 211 F.3d 289, 292 n. 1 (5th Cir. 2000)). The Supreme Court has cautioned that "the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has

3

ultimately lost [the] case." *Christiansburg*, 434 U.S. at 421. Although Santos was not meritorious, the Court finds nothing in the record demonstrating that her claims were "without foundation" or "completely unfounded." *See Anderson v. Harrison Cty., Miss.*, 639 F. App'x 1010, 1017 (5th Cir. 2016). The Court concludes that her claims were not frivolous, unreasonable, or without foundation. Wincor is therefore not entitled to attorney's fees under Title VII.

## II. Costs

Wincor also seeks costs of $5,142.04 as the prevailing party, as set forth in the previously filed application for costs. (Mot., Dkt. 78, at 5; Bill of Costs, Dkt. 73). Santos "does not contest the Court's discretionary authority to award or not award court costs to a prevailing party, and does not contest the substance of the Bill of Costs submitted by Wincor." (Resp., Dkt. 84, at 11–12).

A district court generally has wide discretion in awarding expenses or costs. *See* Fed. R. Civ. P. 54(d)(1). However, this discretion is not unfettered. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). The Court's discretion in taxing costs against an unsuccessful litigant is limited to the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Although a district court may decline to award costs listed in the statute, it may not award costs omitted from the statute. *See Crawford*, 482 U.S. at 441–42; *Coats v. Penrod Drilling*

4

*Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). In addition, in any action under Title VII, "the court, in its discretion, may allow the prevailing party . . . costs." *Christiansburg*, 434 U.S. at 414 n.1 (quoting 42 U.S.C. § 2000e-5(k)).

Wincor seeks an award for the following costs: (1) fees for printed or electronically recorded transcripts necessarily obtained for use in this case in the amount of $4,832.06; (2) fees and disbursements for printing of $265; (3) fees for exemplification and the costs of making copies of $39.30; and (4) docket fees under 28 U.S.C. 1923 of $5.00. (Bill of Costs, Dkt. 73, at 1). "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Santos does not dispute any of the requested costs, and the Court finds no reason to deny the costs detailed in Wincor's bill of costs. Therefore, the Court awards Wincor all costs requested.

### III. Conclusion

**IT IS ORDERED** that Wincor's Motion for Attorney's Fees, Expenses, and Costs, (Dkt. 82), is **GRANTED IN PART AND DENIED IN PART**.

Wincor's request for attorney's fees is **DENIED**. Wincor's application for costs as detailed in the Bill of Costs, (Dkt. 73), is **GRANTED**.

Wincor shall recover costs from Santos in the amount of $5,142.04. Payment is payable to Wincor or to James Ivan Hughes or Mario Alberto Barrera, attorneys of record for Wincor.

**SIGNED** on March 25, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE